UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6313-RAO Date: November 7, 2026
Title: Mery Camila Cahuenas Silva v. Markwayne Mullin et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Petitioner Mery Camila Cahuenas Silva, represented by counsel, is currently in immigration custody within this District. She filed a habeas petition on October 26, 2026. Dkt. No. 1 ("Pet."). Respondents filed their Answer on November 3, 2026. Dkt. No. 8. Petitioner filed his Traverse on November 5, 2026. Dkt. No. 9.

## II. FACTUAL BACKGROUND

Petitioner, a citizen of Ecuador, arrived in the United States from Ecuador in August 2021 on a valid tourist visa which expired in February 2022. Approximately three years after her arrival in this country, in September 2024, Petitioner applied for asylum. Her asylum application is pending. On September 22, 2026, while exiting an airplane at Los Angeles International Airport, immigration authorities arrested and detained Petitioner. She was transported to Adelanto ICE Processing Center where she remains detained.

On October 20, 2026, Petitioner received a custody hearing before an immigration judge. The immigration judge denied bond, finding that Petitioner is a flight risk.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6313-RAO Date: November 7, 2026
Title: Mery Camila Cahuenas Silva v. Markwayne Mullin et al.

## III. PARTIES' ARGUMENTS

Petitioner contends that her arrest and detention violate due process, the Fourth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. Respondents argue that Petitioner is required to exhaust her administrative remedies by appealing the October 20, 2026 bond denial before seeking habeas relief before this court. Additionally, Respondents argue that the bond hearing Petitioner received forecloses relief on her due process and other claims.

## IV. LEGAL STANDARD

A writ of habeas corpus may be granted to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

## V. DISCUSSION

The Court addresses Petitioner's procedural due process claim (Count Two of the Petition) first and applies the now-familiar two-step framework for analyzing such claims in the context of immigration detention: first, it determines whether petitioner has a protected liberty interest; and second, it examines what procedures are necessary to ensure that any deprivation of that interest is constitutional. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). In analyzing the second step, many courts have turned to the factors outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Those factors consider (1) the private interest affected, (2) the risk of an erroneous deprivation of that interest, and (3) the government's interest involved, including any

fiscal or administrative burden that additional procedures would entail. *Mathews*, 424 U.S. at 335.

Turning to the first step, while Petitioner overstayed her visa, she continued to pursue immigration proceedings – she applied for asylum and is permitted to remain in the United States until the application is decided.[1] Like numerous other courts throughout the Ninth Circuit addressing similar facts, the Court finds that the government acquiesced to Petitioner's continued presence in this country, thereby vesting in her a liberty interest in her remaining out of custody. *See, e.g., Zhao v. Janecha et al.*, 2026 WL 2666865, at *2 (C.D. Cal. Sept. 9, 2026); *Avalo Jimenez v. Chestnut*, 2026 WL 2323047, at *3 (E.D. Cal. Aug. 11, 2026).

Finding that Petitioner has a protected liberty interest, the Court applies the *Mathews* factors to determine what process she was due. First, Petitioner has a substantial private interest in her own liberty that is adversely affected by her current detention. Second, the risk of erroneous deprivation is high given that Petitioner was not given a pre-deprivation opportunity to be heard as to the justification of her detention. Because civil immigration detention is "nonpunitive in purpose and effect," justification for the current detention must outweigh Petitioner's protected liberty interest for detention to pass muster under due process. *See Yovani v. Warden of the Central Valley Annex Detention Facility*, 2026 WL 2168402, at *4 (E.D. Cal. July 27, 2026). Third and last, although the government has an interest in enforcing immigration laws and in public safety, its interest in detaining Petitioner without procedural safeguards is "low." *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). As numerous courts have observed, detention hearings in immigration courts are routine and impose "minimal" effort and cost. *Doe*, 787 F. Supp. 3d at 1094. In sum, the

[1] The Form I-797C, Notice of Action (re: application for asylum and for withholding of removal), also states that the pending asylum application does not preclude immigration authorities from placing Petitioner into removal proceedings. *See* Dkt. No. 1-2 at 4.

Court concludes that the *Mathews* factors weigh in favor of the conclusion that Petitioner's arrest and detention violated her due process rights.

The Court concludes that immediate release is the appropriate remedy. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); *see also Zhao*, 2026 WL 2666865, at *3 (collecting cases ordering release). Regarding Respondents' exhaustion argument, the Court finds that exhaustion, which is prudential, not jurisdictional, *see Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018), should be excused as the Petition raises a constitutional due process challenge, which an immigration judge lacks jurisdiction to adjudicate. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (noting exception to exhaustion requirement for constitutional challenges to the Immigration and Nationalization Act and immigration procedures which the Board of Immigration Appeals does not have jurisdiction to determine) (citations omitted).

## VI. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for a Writ of Habeas Corpus as to Petitioner's procedural due process claim (Count Two) and denied the Petition's remaining claims as moot. The Court ORDERS as follows:

1. Respondents are ordered to release Petitioner Mery Camila Cahuenas Silva (A#235-035-079) from custody immediately, subject to reasonable conditions.
2. Respondents are enjoined from any further detention of Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.
3. Respondents shall file a notice of compliance within two court days.
4. The Clerk of the Court shall enter judgment in favor of Petitioner and close the case.

**IT IS SO ORDERED.**